# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISON

MARVIN GLENN HOLLIS,
  Plaintiff,
v.
NURSE REISENHOOVER, et. al.,
  Defendants.

Case No. 17-cv-0326-NJV (PR)

**ORDER TO SHOW CAUSE**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis. Plaintiff alleges that he was denied medical treatment at Pelican Bay State Prison. He is now incarcerated at California State Prison Los Angeles County.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id*. (internal quotation marks omitted). Further, because § 1915(g) is a procedural rule that does not raise

retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A court may count as strikes dismissals of district court cases as well as dismissals of appeals. *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full filing fee at the outset of the action.

It appears that plaintiff has at least four strikes pursuant to § 1915(g). Two cases were dismissed for failure to state a claim: *Hollis v. Mazon-Alec*, No. 03-6842 RFC DLB (E.D. Cal.) Docket Nos. 23, 24; *Hollis v. Villanueus*, No. 07-4538 TEH (E.D. Cal.) Docket No. 11. These cases qualify as strikes.

Plaintiff appealed *Hollis v. Villanueus* to the Ninth Circuit. *Hollis v. Villanueu*, 09-15523. The district court found plaintiff's appeal was "frivolous and not taken in good faith. *See* 28 U.S.C § 1915(a)(3)." *Hollis v. Villanueus*, No. 07-4538 TEH (E.D. Cal.) Docket No. 18. The Ninth Circuit denied plaintiff's in forma pauperis application and ordered him to pay the full filing fee and show cause why the district court decision should not be summarily affirmed. *Hollis v. Villanueu*, 09-15523 Docket No. 7. Plaintiff ultimately failed to pay the filing fee and the appeal was dismissed for failure to prosecute. *Hollis v. Villanueu*, 09-15523 Docket No. 9.

Generally, a dismissal for failure to prosecute does not count as a strike. *See Bulter v. Department of Justice*, 492 F.3d 440, 443 (D.C. Cir. 2007) (dismissal for failure to prosecute made without regard to merits of claim does not constitute a strike); *but see Ruff v. Ramirez*, 2007 WL 4208286 at *5 (S.D. Cal. 2007) (dismissal for failure to prosecute by itself is not a strike, however such dismissal qualifies as a strike when it is based on plaintiff's failure to file an amended complaint after court dismissed original complaint as frivolous and provided plaintiff leave to amend). Because the district court specifically found that plaintiff's appeal was frivolous, this court finds the appeal to be a strike under § 1915(g).

In *Hollis v. Evans*, No. 07-5389 TEH (E.D. Cal.), plaintiff filed a habeas petition, but the

district court found the petition was based on a civil rights claim. Docket No. 4.[1] The court dismissed the case without prejudice for plaintiff to file a civil rights action and also informed plaintiff that the fee for a civil rights action would be $350 if he chose to proceed. *Id*. The district court case is not a strike under § 1915(g). However, plaintiff appealed the dismissal to the Ninth Circuit. *Hollis v. Evan*, 08-15037 (9th Cir.) The district court found plaintiff's appeal was "frivolous and not taken in good faith. *See* 28 U.S.C § 1915(a)(3)." *Hollis v. Evans*, No. 07-5389 TEH (E.D. Cal.) Docket No. 10. The appeal was dismissed for failure to prosecute. *Hollis v. Evan*, 08-15037 (9th Cir.) Docket No. 11.

The Ninth Circuit has held that dismissed habeas petitions do not qualify as strikes. *Andrews*, 398 F.3d at 1122. However, the Circuit noted:

> We recognize, however, that some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).

*Id*. at 1123, n. 12.

In this case, the district court specifically found that the claims were not properly brought in a habeas petition and should be brought in a civil rights complaint. Rather than filing a civil rights action, plaintiff appealed, and the appeal was specifically found to be frivolous. Therefore, this court find the appeal to be a strike under § 1915(g).

Another court found the first three cases cited above to be strikes pursuant to § 1915(g) and denied plaintiff's request proceed in forma pauperis. *Hollis v. Bal*, No. 13-2145 EFB (E.D. Cal.) Docket No. 6. Plaintiff appealed the denial of his in forma pauperis request to the Ninth Circuit. *In re Marvin Hollis*, 11-80161 (9th Cir.). The Ninth Circuit dismissed the appeal, finding that it was so insubstantial as to not warrant further review. *Id*. Docket No. 9.

Plaintiff shall show cause within **twenty-one (21) days**, why this case should not be deemed three strikes barred and the application to proceed in forma pauperis denied. Failure to

---

[1] The petition involved the cancellation of an administrative appeal resulting in the grievance not being appealable to the highest level of administrative review.

3

reply will result in dismissal.

**IT IS SO ORDERED.**

Dated: April 19, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge