UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

MARVIN GLENN HOLLIS,

    Plaintiff,

v.

NURSE REISENHOOVER, et. al.,

    Defendants.

Case No. 17-cv-0326-NJV (PR)

**ORDER GRANTING EXTENSION; DENYING MOTION FOR RECONSIDERATION**

Docket Nos. 17, 21, 22

Plaintiff, a state prisoner, filed a pro se civil rights complaint. Plaintiff's motion to proceed in forma pauperis ("IFP") was denied pursuant to 28 U.S.C. § 1915(g). (Doc. 19.) The court ordered Plaintiff to pay the filing fee or face dismissal of the case. *Id*. Plaintiff has filed a motion to alter or amend the judgment. (Doc. 22.) No judgment has been entered in this case. Therefore the court will construe Plaintiff's motion as a motion for reconsideration.

The Federal Rules of Civil Procedure do not provide for "Motions for Reconsideration"; such motions are created by local rules or practice. In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the

time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

Plaintiff has failed to show new law or facts that occurred after the court issued its order. Therefore, the motion to alter or amend (Docket No. 22) is **DENIED**. Plaintiff's motion for an extension is (Docket No. 21) is **GRANTED** and plaintiff must pay the full filing fee within **twenty-eight days** of the issuance of this order or the case will be dismissed. Plaintiff's motion to amend the complaint (Docket No. 17) is **DENIED** without prejudice and the court will consider an amended complaint if plaintiff pays the full filing fee.

**IT IS SO ORDERED.**

Dated: August 25, 2017

NANDOR J. VADAS
United States Magistrate Judge