UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br>    Plaintiff,<br>v.<br>NURSE REISENHOOVER, et. al.,<br>    Defendants. | Case No. 17-cv-0326-NJV (PR)<br>**ORDER DISMISSING CASE FOR FAILURE TO PAY FILING FEE**<br>Docket No. 25 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint. The court denied Plaintiff's motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(g). (Doc. 19.) The court denied Plaintiff's motion to alter or amend but granted Plaintiff's motion for an extension of time to pay the filing fee. (Doc. 24.) The court granted Plaintiff 28 days to pay the filing fee and warned him that if he did not pay the fee the case would be dismissed. (Doc. 24.) Rather than paying the filing fee, Plaintiff has now filed a second motion for relief from a judgment. (Doc. 25.) The case has not been dismissed, so the court will construe Plaintiff's motion as a motion for reconsideration.

The Federal Rules of Civil Procedure do not provide for "Motions for Reconsideration"; such motions are created by local rules or practice. In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). Therefore, post-judgment motions for reconsideration are construed as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or motions for relief from judgment or order under Federal Rule of Civil Procedure 60(b).

No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

Plaintiff has failed to show new law or facts that occurred after the court issued its order. Therefore, the motion for relief from a judgment (Doc. 25) is **DENIED**. The 28 days granted to Plaintiff to pay the filing fee have now passed and Plaintiff has not paid the filing fee. Therefore, this action is **DISMISSED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 19, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge