United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br>　　Plaintiff,<br>　　v.<br>NURSE RISENHOOVER, et al.,<br>　　Defendants. | Case No. 17-00326 BLF (PR)<br>**ORDER GRANTING MOTION TO VACATE DISMISSAL; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*** <br><br>(Docket Nos. 8 & 36) |

　　　Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Honorable Judge Nandor J. Vadas[1] denied Plaintiff's motion for leave to proceed *In Forma Pauperis* ("IFP") after finding Plaintiff had at least three strikes (cases dismissed for failure to state a claim) under 28 U.S.C. § 1915(g) which barred him from proceeding IFP in this action. (Docket No. 11.) Plaintiff was afforded an opportunity to respond which was unpersuasive; Judge Nandor denied IFP status, and ordered Plaintiff to pay the filing fee. (Docket No. 19.) The matter was dismissed after Plaintiff failed to pay the filing fee in the time provided. (Docket No. 26.) The matter was reopened after Plaintiff filed a motion to vacate the dismissal under *Williams v. King*, 875

---
[1] Judge Vadas has since retired.

F.3d 500 (9th Cir. 2017), and then reassigned to this Court on January 17, 2018. (Docket Nos. 38 and 39.) Plaintiff thereafter filed objections and additional objections to Judge Nandor's rulings. (Docket Nos. 43 and 47.)

After reviewing the matter *de novo*, the Court finds Plaintiff should be granted IFP status because he meets the imminent danger exception under § 1915(g).

## DISCUSSION

### A.     <u>28 U.S.C. § 1915(g)</u>

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed *in forma pauperis*) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance; having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*") (citation omitted).

A court may count as strikes dismissals of district court cases as well as dismissals of appeals. *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not

get three frivolous claims and three frivolous appeals before being barred by § 1915(g)).[4] But the dismissal of an appeal may count as a strike only if based on a qualifying reason under § 1915(g). Consequently, an appellate decision that simply affirms the district court, and does not dismiss the appeal on a qualifying reason under § 1915(g), does not count as a separate strike. *See El-Shaddai v. Wang*, 833 F.3d 1036, 1045 (9th Cir. 2016); *see also Knapp v. Hogan*, 738 F. 3d 1106, 1110 (9th Cir. 2013) (dismissed appeal counts as strikes if appellate court relied on district court findings that appeal was not taken in good faith).

The prisoner must be given notice of the potential disqualification under § 1915(g) -- by either the district court or the defendants – but the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id*. at 1120. *Andrews I* thus implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. *See id.* As stated above, Plaintiff was already given an opportunity to respond. *See supra* at 1.

## B. <u>Plaintiff's Prior "Strikes"</u>

The magistrate judge identified at least three cases that qualify as strikes pursuant to § 1915(g). (Docket No. 11 at 2.) Two of the strikes were cases which were explicitly dismissed for failure to state a claim: *Hollis v. Mazon-Alec*, No. 03-6842 RFC DLB (E.D. Cal.) (Docket Nos. 23, 24); *Hollis v. Villanueus*, No. 07-4538 TEH (E.D. Cal.) (Docket No. 11). Plaintiff asserts in his response that these two cases were each "dismissed for

---

[4] The district court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status).

3

lack of subject-matter jurisdiction which does not qualify as a strike." (Docket No. 14 at 3-5.) This is simply not true. In both cases, Plaintiff filed a complaint under § 1983, and dismissed for failure to state a claim. *See Hollis v. Mazon-Alec*, No. 03-6842 RFC DLB (E.D. Cal.) (Docket Nos. 23, 24); *Hollis v. Villanueus*, No. 07-4538 TEH (E.D. Cal.) (Docket Nos. 6, 11). Accordingly, these two cases qualify as strikes, and Plaintiff has failed to establish otherwise. *See* 28 U.S.C. § 1915(g).

Plaintiff appealed *Hollis v. Villanueus* to the Ninth Circuit. *Hollis v. Villanueus*, 09-15523. The district court found the appeal was "frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3)." *Hollis v. Villanueus*, No. 07-4538 TEH (E.D. Cal.) (Docket No. 18). The Ninth Circuit denied Plaintiff's IFP application, ordered him to pay the full filing fee, and to show cause why the district court decision should not be summarily affirmed. *Hollis v. Villanueus*, 09-15523 (9th Cir.) (Docket No. 7). Plaintiff ultimately failed to pay the filing fee and the appeal was dismissed for failure to prosecute. *Id*., (Docket No. 9). Generally, a dismissal for failure to prosecute does not count as a strike. *See Butler v. Dep't of Justice*, 492 F.3d 440, 443 (D.C. Cir. 2007) (dismissal for failure to prosecute made without regard to merits of claim does not constitute a strike); *but see Ruff v. Ramirez*, 2007 WL 4208286 at *5 (S.D. Cal. 2007) (dismissal for failure to prosecute by itself is not a strike, however such dismissal qualifies as a strike when it is based on plaintiff's failure to file an amended complaint after court dismissed original complaint as frivolous and provided plaintiff leave to amend). Because the district court specifically found that Plaintiff's appeal was frivolous, and he failed to respond to avoid the matter being summarily affirmed, this Court finds the appeal qualifies as a strike under § 1915(g). *See Knapp*, 738 F. 3d at 1110.

In *Hollis v. Evans*, No. 07-6398 TEH (E.D. Cal.), Plaintiff filed a habeas petition,

but the district court found the petition was based on a civil rights claim.[2] (Docket No. 4.) The district court dismissed the case without prejudice for Plaintiff to file a civil rights action and also informed him that the fee for a civil rights action would be $350. *Id.* This dismissal is not a strike under § 1915(g). However, Plaintiff appealed the dismissal to the Ninth Circuit. *Hollis v. Evan*, 08-15037 (9th Cir.). The district court found the appeal "frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3)." *Hollis v. Evans*, No. 07-5398 TEH (E.D. Cal.) (Docket No. 10). The appeal was dismissed for failure to prosecute. *Hollis v. Evan*, 08-15037 (9th Cir.) (Docket No. 11).

The Ninth Circuit has held that dismissed habeas petitions do not qualify as strikes. *Andrews I*, 398 F.3d at 1122. However, the Circuit noted:

> We recognize, however, that some habeas petitions may be little more than 42 U.S.C. §1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).

*Id.* at 1123, n. 12.

In *Hollis v. Evans*, the district court found that the claims were not properly brought in a habeas petition and should be brought in a civil rights complaint. Rather than filing a civil rights action, Plaintiff appealed the matter, and the appeal was specifically found to be frivolous. *Hollis v. Evans*, 08-15037 (9th Cir.) (Docket No. 12). Therefore, this Court finds that although the underlying case is not a strike, the appeal counts as a strike under § 1915(g). *See Knapp*, 738 F. 3d at 1110; *see also Richey v. Dahne*, 807 F.3d 1202, 1207 (9th Cir. 2015) (Ninth Circuit's dismissal of an appeal for failure to pay the filing fee after

---

[2] The petition involved the cancellation of an administrative appeal resulting in the grievance not being appealable to the highest level of administrative review. *Hollis v. Evans*, No. 07-6398 TEH (E.D. Cal.).

5

prisoner's IFP application was denied upon a determination that the appeal was frivolous counts as a strike).

The Court notes that other courts found the cases discussed above to be strikes pursuant to § 1915(g), and denied Plaintiff's request to proceed IFP. *See Hollis v. Bal*, No. 13-2145 EFB (E.D. Cal.) (Docket No. 6); *Hollis v. Downing*, No. 09-3431 (E.D. Cal.) (Docket Nos. 61 & 69). In one of those cases, Plaintiff appealed the denial of IFP to the Ninth Circuit. *In re Marvin Hollis*, 11-80161 (9th Cir.). The Ninth Circuit dismissed the appeal, finding that it was so insubstantial as to not warrant further review. *Id.*, (Docket No. 9).

In his response to the magistrate judge's order to show cause, Plaintiff submits other court decisions with differing opinions with respect to whether some of the cases discussed above count as strikes. (Docket No. 14.) But as discussed above, the Court has reviewed Plaintiff's cases *de novo* and has come to its own determination. Because Plaintiff has failed to show that any of the prior dismissals discussed above should not count as a strike, the instant complaint is subject to dismissal pursuant to § 1915(g) unless he can show that he was in imminent danger of serious physical injury at the time the instant complaint was filed.

## C. <u>**Imminent Danger of Serious Physical Injury**</u>

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out

6

of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis).

"Imminent danger" may include an ongoing danger of serious physical injury. *See Ashley*, 147 F.3d at 717 (holding that plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); *cf. Abdul-Akbar*, 239 F.3d at 315 n.1 (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); *Medberry*, 185 F.3d at 1193 (finding no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint).

The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g., id.* at 1055 (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *id.* at 1057 ("prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception" even if prisoner had already contracted a contagious disease and complained of being housed near prisoners with contagious diseases).

In the complaint signed on January 4, 2017, (Compl. at 3), Plaintiff claimed that medical officials at Pelican Bay State Prison ("PBSP") acted with deliberate indifferent to his serious medical and mental health needs when they failed to provide adequate

7

medication to treat his various maladies. (*Id.* at 5.) More specifically, Plaintiff alleged that after he arrived at PBSP on January 21, 2016, Defendants discontinued his various prescription medications as medically unnecessary while ignoring his complaints of pain. (*Id.* at 6.) Plaintiff claims that because of the interference with his medication, he suffers from extreme pain in his lower back, and chest pain and problems with his heart, which has resulted in "irreparable harm, injury, and possible premature death." (*Id.* at 7.) Plaintiff also asserts in his reply to the Court's order to show cause that denying him pain medication places him in imminent danger of serious physical injury. (Docket No. 14 at 1.) Plaintiff alleges that at the time he filed this action, he was diagnosed with hypertension, had heart problems, was a border-line diabetic and was at serious risk of having a stroke or premature death or irreparable injury. (*Id.* at 7.) The Court finds that based on the foregoing, Plaintiff has made "plausible allegation[s]" that he was "under imminent danger of serious physical injury' at the time of filing. *Andrews II*, 493 F.3d at 1055.

Based on the foregoing, Plaintiff has shown that he was in imminent danger of serious physical injury at the time he filed the complaint or subject to an "ongoing danger." *Abdul-Akbar*, 239 F.3d at 312. Accordingly, Plaintiff is entitled to the exception under § 1915(g), and may proceed IFP under § 1915(g) in this action.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's *in forma pauperis status*, (Docket No. 8), is **GRANTED**. The order denying IFP, (Docket No. 26), is **VACATED**. A separate order to that affect with instructions shall be issued. The Court shall also conduct an initial review of the complaint in a separate order.

8

2. Plaintiff's motion to vacate the dismissal is **GRANTED**. (Docket No. 36.) This order terminates Docket No. 36.

**IT IS SO ORDERED.**

Dated: July 27, 2018

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Vacate Dismissal; Granting IFP
PRO-SE\BLF\CR.17\00326Hollis_vacate.dism

9