UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>    Plaintiff,<br><br>v.<br><br>NURSE RISENHOOVER, et al.,<br><br>    Defendants. | Case No. 17-00326 BLF (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE COURT MORE INFORMATION FOR DEFENDANT MCCALL; REQUESTING FORWARDING ADDRESS FROM OFFICE OF LEGAL AFFAIRS** |

Plaintiff, a California inmate, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against medical officials at Pelican Bay State Prison. On July 27, 2018, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and issued an order of service on Plaintiff's cognizable claims. (Docket No. 53.) On August 3, 2018, the Clerk mailed Notices of Lawsuit and Request for Waiver of Service of Summons and Waivers of Service of Summons to Defendants Nurse Practitioner Risenhoover, Dr. Adams, Psychiatrist McCall, and Psy. Technician Aldafe at Pelican Bay State Prison. (Docket Nos. 54, 55, 56, and 57). On September 12, 2018, the California Department of Corrections and Rehabilitation, ("CDCR"), Office of Legal Affairs filed a letter with the Court indicating that Defendant McCall was "not currently employed with the Department," and therefore the Department was "not authorized to receive documents on

behalf of the party." (Docket No. 60.) No further information was provided.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendant McCall are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff must remedy the situation by providing more information regarding Defendant McCall's current whereabouts or face dismissal of his claims against this Defendant without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

For the foregoing reasons, the Court orders Plaintiff to file a notice providing the Court with more information regarding the current whereabouts for **Defendant Psychiatrist McCall** such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claim against Defendant McCall shall be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

In the interest of justice, the Court requests the CDCR, Office of Legal Affairs, provide the Court with any available forwarding address for Psychiatrist McCall **within twenty-eight (28) days** of the date this order is filed. Any forwarding address provided to the Court shall be confidential.

**The Clerk is directed to send a copy of this order to Plaintiff and to the CDCR**

Order Directing Pl. to Provide Court More Info. for Def. McCall
PRO-SE\BLF\CR.18\00236Hollis_more info

2

**Office of Legal Affairs.**

**IT IS SO ORDERED.**

Dated: October 19, 2018

*[signature]*
BETH LABSON FREEMAN
United States District Judge