UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>    Plaintiff,<br><br>v.<br><br>NURSE REISENHOOVER, et al.,<br><br>    Defendants. | Case No. 17-00326 BLF (PR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DENYING MOTION FOR LEAVE TO PROCEED WTIHOUT PAYMENT OF INITIAL PARTIAL FILING FEE; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING MOTION FOR EXTENSION OF TIME**<br><br>(Docket Nos. 58, 59, 63, 65, 68, 70, 72) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical officials at Pelican Bay State Prison ("PBSP"). Plaintiff's motion for leave to proceed *in forma pauperis* was granted in a separate order.[1] Plaintiff has filed several duplicative motions in this matter: motion for leave to file a proposed amended complaint, (Docket Nos. 58, 65, 72); motion for appointment of counsel, (Docket Nos. 63, 68); motion requesting to proceed without paying initial partial filing fee, (Docket No. 59); and a motion for an extension of time to serve Defendant

---

[1] The Court determined that although Plaintiff has suffered three strikes under 42 U.S.C. § 1915(g), he was entitled to the "imminent danger of serious physical injury" exception and permitted him to proceed IFP. (Docket No. 52.)

McCall, (Docket No. 70). The Court addresses these motions below.

## DISCUSSION

**A. Motion for Leave to File Amended Complaint**

Plaintiff filed a proposed amended complaint in which he adds two new Defendants, Correctional Officers J. Guess and R. Simpson, and new claims against them. (Docket No. 20-1.) Plaintiff claims that when he arrived at Pelican Bay State Prison ("PBSP") on January 21, 2016, he was placed in a holding room area in "Receiving & Release" where PBSP staff replaced the restraints that he had been transported in with their own handcuffs. (Docket No. 20-1 at 8.) Plaintiff immediately informed Defendant Guess, in the presence of Defendant Simpson, that his wrists were in pain and requested that the handcuffs be loosened. (*Id.* at 9.) Plaintiff claims both Defendants refused and then left "without any concern for Plaintiff's pain." (*Id.*) Later, he began to have chest pain, Plaintiff asked Defendants Guess and Simpson if they could remove his handcuffs so that he could take his nitroglycerin medication. (*Id.* at 10.) Plaintiff claims that they "failed to respond and ignored" his pleas for help. (*Id.*) Plaintiff claims that their failure to respond and ignorance of his medical condition was "intentional and purposeful" and caused him to suffer "unnecessary prolonged chest pain, elevated blood pressure, nervousness and psychologically [*sic*]." (*Id.*) Plaintiff claims that he was later taken to the "TTA Emergency Room" to receive treatment for his hypertension. (*Id.* at 11-12.)

Rule 15(a) of the Federal Rules of Civil Procedure provides different ways to amend, and these ways are not mutually exclusive. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). Rule 15(a) provides that a party may amend its pleading once as a matter of course, generally, within 21 days after serving it, and that in all other cases, a party may amend its pleading only with the opposing party's written

2

consent or the court's leave. Fed. R. Civ. P. 15(a). Here, because the proposed amended complaint was filed over six months after Plaintiff filed the original complaint, he can only be seeking leave to amend under the second option, i.e., at the court's leave.[2]

Rule 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). "'In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (citations omitted).

Although leave to amend should be freely given, the proposed amended complaint improperly joins new claims against new Defendants which are not related to the claims against medical personnel that were found cognizable in the original complaint. Plaintiff alleged that Defendants Nurse Risenhoover, Dr. Adams, Psychiatrist McCall, and "Psy. Technician" Aldafe acted with deliberate indifference to his serious medical needs. (Compl. at 4.) Specifically, Plaintiff claims Defendant Risenhoover discontinued several prescriptions for medication to treat his chest pain, diabetes, hypertension, and mental health, stating that PBSP does not prescribe such medication. (*Id.* at 6-7.) When Plaintiff complained of chest pain, problems with his heart, and extreme pain in his lower back and shoulder, these Defendants failed to respond. (*Id.* at 7.) Plaintiff also claims that Defendants McCall and Aldafe discontinued his mental health medication which has caused him to suffer psychologically, including depression, anxiety, and symptoms

---

[2] Plaintiff has not obtained the opposing party's written consent.

3

associated with bipolar. (*Id.* at 9-10.)

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id*. (citing 28 U.S.C. § 1915(g)).

Plaintiff's amended complaint clearly violates Rule 18(a) because he raises new claims against newly named Defendants that are based on separate events that took place solely on January 21, 2016, when he arrived at PBSP, and are not related to the actions by medical personnel at some later time that affected his ongoing medical needs. Accordingly, the motion to file an amended complaint is DENIED. (Docket Nos. 58, 65, 72.) Plaintiff may file the claims against Defendants Guess and Simpson in a separate action and be subject to the filing fee. Because the Court has already determined that Plaintiff has at least three prior dismissals that count as strikes under § 1915(g), (Docket No. 52), he must pay the entire filing fee at the outset of the action. He will only be permitted to proceed IFP in the new action if he is able to show that he is entitled to the imminent danger of serious physical injury exception. 28 U.S.C. § 1915(g).

**B**. **Motion to Proceed Without Paying Initial Partial Filing Fee**

Plaintiff has filed a request to be relieved of paying the initial partial filing fee of $32.00 which the Court ordered to be paid when it granted Plaintiff's IFP motion. (Docket

4

No. 59.) The Court ordered that the initial partial filing fee be paid within 28 days from the date the order was filed on July 27, 2018. (Docket No. 51.) Plaintiff states that he is currently "100% indigent and unable to pay the initial filing fee." (Docket No. 59.) The motion is DENIED as unnecessary. The Court provided instructions to the prison trust account office with respect to how payments for the filing fee were to be deducted and forwarded to the clerk of the court. (Docket No. 51 at 2.) The instructions specifically stated that "[i]f the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid." (*Id.*) These instructions are clear and require no further court order.

**C.     Motion for Appointment of Counsel and Medical Expert**

Plaintiff requests appointment of counsel because the issues are complex, and he has limited understanding, education, and lack of skill at law. (Docket No. 63.) He also states that he needs legal assistance to locate and serve Defendant McCall. (*Id.* at 2.) The Court notes that recently a request for waiver of service has been sent to Defendant McCall's address listed on the state's medical board website. (Docket No. 71, 72.) Accordingly, assistance of counsel is no longer needed in this regard.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, the difficulties Plaintiff raises are no different than those

any other prisoner faces. Accordingly, Plaintiff's motion is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment. If counsel is appointed, it is for counsel to decide whether a medical expert should be consulted.

### D. Motion for Extension of Time to Serve Defendant McCall

Plaintiff requests an extension of time to serve Defendant McCall with this action. (Docket No. 70.) As stated above, the Clerk of the Court recently sent a request for waiver of service to Defendant McCall's address listed on the state's medical board website. (Docket No. 71, 72.) Should this most recent attempt to serve Defendant McCall be unsuccessful, the Court will advise Plaintiff of his continued responsibility to obtain a relevant address before dismissing Defendant McCall under Rule 4(m). (Docket No. 61.) Accordingly, the motion is DENIED as unnecessary.

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

Plaintiff's motions for leave to file a proposed amended complaint, (Docket Nos. 58, 65, 72), are DENIED to filing the new claims against new Defendants in a separate action. Plaintiff's motions for appointment of counsel and medical expert, (Docket Nos. 63, 68), are DENIED without prejudice. Plaintiff's motion to proceed without paying initial partial filing fee, (Docket No. 59), and motion for an extension of time to serve Defendant McCall, (Docket No. 70), are DENIED as unnecessary.

6

This order terminates Docket Nos. 58, 59, 63, 65, 68, 70, and 72.

**IT IS SO ORDERED.**

Dated: February 4, 2019

*Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge