United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NURSE REISENHOOVER, et al.,<br><br>　　　　Defendants. | Case No. 17-00326 BLF (PR)<br><br>**ORDER DENYING MOTION TO COMPEL; DENYING REQUESTS FOR REFERRAL TO SETTLEMENT; GRANTING MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING OTHER MOTIONS**<br><br>(Docket Nos. 77, 78, 81, 83, 85, 91, 92, 94) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical officials at Pelican Bay State Prison ("PBSP"). Plaintiff has filed several motions in this matter: motion to compel discovery and request for sanctions, (Docket No. 77); motions requesting referral of case to settlement, (Docket Nos. 78, 94); motion for extension of time to file opposition, (Docket No. 81); motion for appointment of counsel and request for judicial notice, (Docket No. 83, 85); motion for leave to file a cross motion, (Docket No. 91); and a motion "regarding the sufficiency of Defendant's answers and objections, (Docket No. 92). The Court addresses these motions below.

## DISCUSSION

**A. Motion to Compel Discovery and for Sanctions**

Plaintiff filed a motion to compel discovery and for sanctions to be imposed against defendants for providing insufficient discovery responses. (Docket No. 77.) Plaintiff asserts that he met and conferred with defendants' counsel and pointed out that the response to certain interrogatories addressed to Defendant Risenhoover were insufficient, and that counsel refused to provide adequate and sufficient responses. (*Id.* at 2.) Defendants filed an opposition to the motion, stating that Defendant Risenhoover responded to the interrogatories with reference to Plaintiff's own medical records, and that in a subsequent letter the attorney also provided further explanation of her responses to Plaintiff. (Docket No. 80 at 1.) Defendant asserts that her responses were "substantially justified" and "not 'evasive or incomplete,'" and therefore the motion should be denied. (*Id.* at 2.)

Rule 37(a)(3) provides that a motion to compel discovery may be brought if a party "fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). A party is considered to have failed to answer if the response is "evasive or incomplete." Fed. R. Civ. P. 37(a)(4). Here, there was no failure to answer an interrogatory, and the manner of Defendant Risenhoover's responses were neither evasive nor incomplete. Defendant Risenhoover filed sufficient responses to Plaintiff's interrogatories by referring him to his own medical records, explaining that the answer would depend on the patient, and by objecting to the nature of the question. (Docket No. 80 at 2-4.) Accordingly, Plaintiff's motion to compel is DENIED. Because the Court finds no merit in the motion to compel, Plaintiff's motion for sanctions is DENIED. (Docket No. 77.)

///

2

## B. Motions for Referral to Settlement

Plaintiff has filed two motions for referral of this matter to settlement. (Docket Nos. 78, 94.) Defendants have filed a motion for summary judgment, which includes the argument that Plaintiff failed to exhaust administrative remedies. (Docket No. 76.) The Court finds referral of this matter to settlement would be premature without first deciding the merits of this motion. Accordingly, the motions for referral to settlement are DENIED.

## C. Motion for Extension of Time to File Opposition

Plaintiff filed a motion for extension of time to file an opposition to Defendants' summary judgment motion. (Docket No. 81.) Defendants filed their motion for summary judgment on February 8, 2019, such that Plaintiff's opposition was due by March 8, 2019. Plaintiff filed this motion for an extension of time on March 25, 2019, with a signature date of March 21, 2019. (*Id.* at 2.) In the motion, Plaintiff asserts that the motion is a second request for an extension of time and that he is unsure if the Court received his first request. (*Id.* at 1.) No other motion was received by the Court. In the interest of justice, the Court grants the motion, such that the opposition filed on April 8, 2019, (Docket No. 86), is deemed timely filed.

## D. Motion for Appointment of Counsel and Request for Judicial Notice

Plaintiff has filed a second motion for appointment of counsel and a neutral medical expert witness. (Docket No. 83.) The Court denied an identical motion earlier in these proceedings. (Docket No. 74.) Plaintiff's reasons for the request remain the same: the issues are complex, and he has limited understanding, education, and lack of skill at law. (Docket No. 83.) Plaintiff also requests judicial notice in support of his motion and refers to Defendant McCall's responses to his request for admissions wherein Defendant states: "Responding party objects to the request because it seeks expert testimony before disclosure of experts is required." (Docket No. 85 at 8.)

3

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, the difficulties Plaintiff raises are no different than those any other prisoner faces. Accordingly, Plaintiff's motion for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Furthermore, the request for a medical expert is also premature in light of the fact that Defendants' summary judgment motion is based, in part, on Plaintiff's failure to exhaust administrative remedies. Accordingly, this denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment. If counsel is appointed, it is for counsel to decide whether a medical expert should be consulted.

**E.    Motion "Regarding the Sufficiency of" Defendant McCall's Responses**

Plaintiff filed a motion "to determine the sufficiency of" Defendant McCall's answers and objections to his request for admissions and for sanctions to be imposed. (Docket No. 92.) Defendants filed an objection, stating that they responded to Plaintiff's request to meet and confer on April 10, 2019. (Docket No. 95.) The Court has reviewed the response, and it is neither evasive nor incomplete. See Fed. R. Civ. P. 37(a)(4). Accordingly, Plaintiff's motion for sanctions is DENIED. (Docket No. 92.)

4

### F. Motion for Leave to File Cross Motion for Summary Judgment

Plaintiff filed a motion for leave to file a cross motion for summary judgment due to excusable neglect under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. (Docket No. 91.) Plaintiff states that he is awaiting the Court's ruling on his pending motions to compel discovery and that responses from Defendant McCall are not sufficient. (*Id.*) Defendants' motion for summary judgment became submitted on April 22, 2019, upon the filing of Defendants' reply. (Docket No. 87.) Plaintiff filed the instant motion on May 2, 2019. (Docket No. 91.) Although he cites as cause the insufficiency of Defendant McCall's response, the Court has reviewed the response above and finds it to be neither evasive nor incomplete. *See supra* at 4. Furthermore, Defendants' summary judgment motion includes the argument that Plaintiff failed to exhaust administrative remedies with respect to his claims against Defendant McCall. (Docket No. 76 at 15-17.) The issue of exhaustion must be decided before any cross summary judgment on the merits would be considered. Accordingly, the motion is DENIED. (Docket No. 91.) The Court will *sua sponte* consider whether further briefing should be allowed if any claim survives Defendants' summary judgment motion.

### G. Plaintiff's Objection and Motion/Request for Reconsideration

Plaintiff filed an objection to the court order filed on February 4, 2019, (Docket No. 74), denying his motion for leave to file amended complaint, and denying other motions. (Docket No. 79.) Plaintiff asserts that the court previously stated that it would consider an amended complaint if he pays the full filing fee, and that this denial contravenes the earlier court order. (*Id.*) Plaintiff is mistaken. The previous court order to which Plaintiff refers stated that "Plaintiff's motion to amend the complaint (Docket No. 17) is DENIED without prejudice and the court will consider an amended complaint if plaintiff pays the full filing fee." (Docket No. 24 at 2.) This order merely stated that the Court would "consider" an

amended complaint, not that he would be permitted to proceed on the amended complaint. The Court duly considered Plaintiff's motion for leave to file an amended complaint and properly denied it for the reasons stated therein. (Docket No. 74.) Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

Plaintiff's motion to compel and for sanctions is DENIED. (Docket No. 77.) Plaintiff's requests for referral of this matter to settlement are DENIED. (Docket Nos. 78, 94.) Plaintiff's motion for an extension of time to file an opposition is GRANTED. (Docket No. 81.) Plaintiff's second motion for appointment of counsel and related request for judicial notice are DENIED. (Docket Nos. 83, 85.) Plaintiff's motion for leave to file a cross motion for summary judgment is DENIED. (Docket No. 91.) Plaintiff's motion regarding the sufficiency of evidence and for sanctions is DENIED. (Docket No. 92.) Plaintiff's motion for reconsideration is DENIED. (Docket No. 79.)

This order terminates Docket Nos. 77, 78, 81, 83, 85, 91, 92, and 94.

**IT IS SO ORDERED.**

**Dated:** __July 11, 2019__

BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Motions
PRO-SE\BLF\CR.17\00326Hollis_motions3

6