UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br>    Plaintiff,<br><br>v.<br><br>NURSE REISENHOOVER, et al.,<br>    Defendants. | Case No. 17-00326 BLF (PR)<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT; DENYING MOTION FOR PRELIMINARY INJUNCTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME TO FILE OPPOSITION; DENYING MOTION FOR JUDICIAL NOTICE**<br><br>(Docket Nos. 100, 107, 109, 110, 111) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical officials at Pelican Bay State Prison ("PBSP"), where Plaintiff was formerly housed. Finding the complaint stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs, the Court issued an order of service and directed Defendants to file a motion for summary judgment or other dispositive motion. (Docket No. 53.) Defendants filed a summary judgment motion, (Docket No. 77), to which Plaintiff filed opposition, (Docket No. 86), and Defendants filed a reply, (Docket No. 87). The Court granted the motion with respect to Defendants S. Risenhoover and N. Adam, and dismissed the Eighth Amendment claims against them

with prejudice. (Docket No. 99.) The Court ordered remaining Defendants McCall and Afdahl to file a renewed motion for summary judgment. (*Id.*) Defendants filed the renewed summary judgment motion on October 1, 2019. (Docket No. 104.)

Plaintiff has filed a motion to alter or amend the judgment with respect to the claims that were dismissed against Defendants Risenhoover and Adams under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (Docket No. 100.) Defendants oppose the motion, (Docket No. 106), and Plaintiff filed a reply, (Docket No. 112).

Plaintiff has also filed a motion for a preliminary injunction or temporary restraining order, (Docket No. 109), a motion for appointment of counsel, (Docket No. 110), a motion for extension of time to file opposition to Defendants' renewed summary judgment motion, (Docket No. 111), and a motion requesting judicial notice, (Docket No. 107).

## DISCUSSION

**A**. **Motion for Reconsideration**

Federal Rule of Civil Procedure 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Judgment has yet been entered in this matter. Accordingly, the motion under Rule 59(e) is denied as premature.

On the other hand, Rule 60(b) provides grounds for relief "from a final judgment, *order*, or *proceeding*." Fed. R. Civ. P. 60(b) (italics added). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263

(9th Cir.1993).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

In his motion to alter or amend the judgment, Plaintiff asserts that the Court's ruling is "erroneous and is incorrect as a matter of law." (Docket No. 100 at 1.) Plaintiff asserts that his papers included statements by which it could be inferred that Defendant Risenhoover denied Plaintiff tramadol because of a policy rather than the exercise of medical judgment and therefore constitutes evidence that Defendant acted with deliberate indifference to a serious medical need. (*Id.* at 2.) In opposition, Defendants argue that Plaintiff's motion should be denied because he simply restates the same arguments from his opposition to their summary judgment motion and fails to show that the Court committed clear error. (Docket No. 106 at 1.) In reply, Plaintiff first asserts that reconsideration is warranted under Rule 59(e). (Docket No. 112.) However, as stated above, judgment has not yet been entered in this matter, and therefore a motion under Rule 59(e) is premature.

The Court finds Plaintiff has failed to show that he is entitled to reconsideration based on any of the factors under Rule 60(b). Plaintiff's argument ignores the fact that the Court considered all the evidence submitted in finding that Defendant Risenhoover did not violate Plaintiff's Eighth Amendment rights, including Plaintiff's declaration, exhibits and medical records produced by both parties. Based upon the evidence presented, the Court

3

found Defendants had shown the absence of a genuine issue of material fact with respect to Plaintiff's deliberate indifference claim. (Docket No. 99 at 12.) As Defendants argue, the existence of a policy to combat the opioid epidemic does not negate the medical judgment exercised by Defendants in deciding to taper Plaintiff of tramadol. (Docket No. 106 at 4.) The undisputed evidence showed that Defendants did not believe that tramadol was medically indicated. (Docket No. 99 at 10.) In reply, Plaintiff again asserts that there was sufficient evidence to support his Eighth Amendment claim and challenges the evidence submitted by Defendants in support of their summary judgment motion. (Docket No. 112.) Plaintiff has failed to establish that he is entitled to reconsideration based on an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Hodel*, 882 F.2d at 369 n.5. Accordingly, the Court is not persuaded that its ruling was either erroneous or incorrect. Plaintiff's motion for reconsideration is DENIED.

**B.     Motion for Preliminary Injunction or Temporary Restraining Order**

Plaintiff moves for an order for preliminary injunction or temporary restraining order against "defendants, employees, counsel for defendants, agents, servants, and all persons working in concert with defendants to cease denying plaintiff his legal papers or documents related to this case, study research information, physical law library access, canteen to purchase legal envelopes, stationary, writing paper, 1st class postage stamps, prescribed eyeglasses, and preventing defendants and those working in concert with defendants from mishandling plaintiff's outgoing and incoming legal mail related to this case addressed to or from the United States Northern District Court." (Docket No. 109 at 1-2.)

Plaintiff is currently incarcerated at the California State Prison – Sacramento. (Docket No. 40.) The remaining Defendants in this action, M. McCall and J. Afdahl, are employees at PBSP where the underlying events occurred. (Docket No. 53 at 2.) An

4

injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* This Court has no jurisdiction over CSP-Sacramento or its employees in this action which involves only employees at PBSP. Accordingly, the motion must be denied. *Id.*

C. **Motion for Appointment of Counsel**

Plaintiff has also filed a motion for appointment of counsel, (Docket No. 110), which is now his third such motion. (*See* Docket Nos. 63, 83.) Plaintiff asserts that he has limited access to materials, such as envelopes, postage, and legal supplies, that the case presents "complex and scientific issues" that are outside the scope of his understanding and education, and that he is unskilled in the law. (Docket No. 110 at 3-5, 9.)

As Plaintiff has twice been informed, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). The difficulties Plaintiff raises again in this recent motion are no different than those any other prisoner faces. Accordingly, the motion is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff also asserts that he has been diagnosed with a serious mental health illness which causes mood swings and anxiety, and that it prevents him at times from doing "adequate study and research." (Docket No. 110 at 9-10.) Generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. *See, e.g.*, *Warren v. Harrison*, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three pertinent exhibits); *Miller v. McDaniel*, 124 Fed. Appx. 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because he demonstrated an ability to articulate his claims pro se); *Palmer v. Valdez,* 560 F.3d 965, 970 (2009) (holding that an inmate plaintiff who was suffering pain from a surgery and had limited access to legal documents did not require appointment of counsel because he did a good job presenting his case, was well organized, made clear points, and presented evidence effectively). Here, as in the cases cited above, Plaintiff has shown an ability to articulate his claims and litigate this action in spite of his mental health issues: Plaintiff seeks damages for Defendants' deliberate indifference to his serious medical needs. (Compl. at 3.) Furthermore, this issue is not particularly complex as alleged. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman*, 390 F.3d at 1103; *Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn*, 789 F.2d at 1331. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

D. **Motion for Extension of Time**

Plaintiff has filed a motion for extension of time to file opposition or stay of proceedings in light of his pending motions. (Docket No. 111.) Good cause appearing, the

motion is GRANTED.  The Court has ruled on all his pending motions in this order.  Accordingly, the Court shall set a new deadline for Plaintiff's opposition at the end of this order.

**E.     Request for Judicial Notice**

Plaintiff has a filed a request for judicial notice of documents establishing his "indigent mail status." (Docket No. 107.)  These documents appear to relate to his motion for a preliminary injunction discussed above. *See supra* at 4.  As stated above, CSP-Sacramento is not a party to this action, and therefore the Court cannot enforce an injunction against that prison or its employees.  Accordingly, the motion for judicial notice is DENIED as irrelevant and pertaining to matters beyond the scope of this action.

**CONCLUSION**

For the reasons discussed above, Plaintiff's motion to alter or amend judgment is DENIED.  (Docket No. 100.)  Plaintiff's motions for a preliminary injunction, (Docket No. 109), for appointment of counsel, (Docket No. 110), and for judicial notice, (Docket No. 107), are DENIED.

Plaintiff's motion for an extension of time to file opposition to Defendants' summary judgment motion, (Docket No. 111), is GRANTED.  Plaintiff's opposition shall be filed **no later than twenty-eight (28) days** from the date this order is filed.  Defendants shall file a reply brief **no later than fourteen (14) days** after Plaintiff's opposition is filed.

This order terminates Docket Nos. 100, 107, 109, 110, and 111.

**IT IS SO ORDERED.**

Dated:  _October 22, 2019_

BETH LABSON FREEMAN
United States District Judge

Order Denying M. to Alter or Amend; Pending Mots.
PRO-SE\BLF\CR.17\00326Hollis_deny.recon&mots

7