UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>Plaintiff,<br><br>v.<br><br>NURSE REISENHOOVER, et al.,<br><br>Defendants. | Case No. 17-00326 BLF (PR)<br><br>**ORDER DENYING MOTION TO AMEND/CORRECT COMPLAINT; DENYING MOTION FOR MEDICAL RECORDS; DENYING MOTION TO REOPEN DISCOVERY; GRANTING MOTION TO CORRECT DEFENDANTS' NAMES; DENYING MOTIONS FOR EXPERT WITNESS AND APPOINTMENT OF COUNSEL; DENYING REQUEST FOR JUDICIAL NOTICE; GRANTING MOTIONS FOR EXTENSIONS OF TIME**<br><br>(Docket Nos. 114, 115, 117, 120, 121, 124, 126, 129, 134, 136) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical officials at Pelican Bay State Prison ("PBSP"), where Plaintiff was formerly housed. Finding the complaint stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs, the Court issued an order of service and directed Defendants to file a motion for summary judgment or other dispositive motion. (Docket No. 53.) Defendants filed a summary judgment motion, (Docket No. 77), to which Plaintiff filed opposition, (Docket No. 86), and Defendants filed a reply, (Docket No. 87). The Court granted the motion with respect to Defendants S. Risenhoover and N. Adam and dismissed the Eighth Amendment claims against them with prejudice. (Docket No. 99.) The Court ordered remaining Defendants McCall and Afdahl

to file a renewed motion for summary judgment. (*Id.*) Defendants filed the renewed summary judgment motion on October 1, 2019. (Docket No. 104.)

In the interest of justice, Plaintiff's motion for an extension of time to file an opposition, (Docket No. 129), is GRANTED such that the opposition filed on December 31, 2019, (Docket No. 137), is deemed timely filed.

Plaintiff has filed the following motions: motion to amend/correct the complaint and for recusal, (Docket No. 114); motion for a court order to inspect and review his medical records, (Docket No. 115); motion to request to reopen discovery, (Docket No. 117); motion to amend/correct Defendants' names, (Docket No. 120); motion for expert witness testimony, (Docket No. 121); another motion for appointment of counsel and expert witness, (Docket No. 134); and a request for judicial notice, (Docket No. 136).

Defendants' motions for extension of time to file a response to Plaintiff's motions are GRANTED. (Docket Nos. 124, 126.) Accordingly, their oppositions filed thereafter, (Docket Nos. 127, 128, and 130), are deemed timely filed.

The Court addresses the pending motions below.

## DISCUSSION

**A. Motion to Amend/Correct Complaint and Motion for Recusal**

Plaintiff moves for leave to amend and file supplemental pleadings to include a claim of conspiracy between Defendants McCall and Afdahl, and to include a claim of conspiracy and retaliation against Defendant Adam, who has been dismissed from this action, as being part of the conspiracy to interfere with Plaintiff's prescribed medications for his mental health needs. (Docket No. 114 at 3.) Plaintiff challenges the Court's prior order, (Docket No. 74), denying his previous motion for leave to amend to add claims against current Defendants. (*Id.* at 2.) Lastly, Plaintiff asserts that the Court has a "personal bias or prejudice against Plaintiff and is in favor of the defendants as evidenced

2

by the record before the court," and requests recusal. (*Id.* at 5.)

Defendants filed an opposition, firstly asserting undue delay. (Docket No. 125.) Defendants point out that Plaintiff believed as of February 23, 2016, that Dr. Adam was involved in a conspiracy to change his mental health medication and part of the retaliatory actions allegedly taken by Defendant McCall and Afdahl. (*Id.* at 4.) They point out that according to his filings, Plaintiff had eleven months to consider his conspiracy theories and supporting factual allegations before filing this action on January 23, 2017, but that he excluded any reference to Defendant Adam's alleged involvement in changing his mental health medication in the original complaint. (*Id.*, citing Docket No. 86 at 37, 39, 145-146.) Defendants also assert that Plaintiff has prosecuted this action for the past three years without making any attempt to change his allegations with respect to Dr. Adam, despite filing five separate motions to amend his complaint. (*Id.*, citing Docket Nos. 17, 44, 58, 65, 72.) Furthermore, Defendants point out that Plaintiff has failed to attach a proposed amended complaint with the current motion to amend, and the motion itself contains no evidence supporting a conspiracy or retaliation claim by any defendant. (*Id.* at 5.) Secondly, Defendants assert that they will suffer undue prejudice if Plaintiff is allowed to amend the complaint after summary judgment was granted with respect to the claims against Dr. Adam and relitigate the claims against her. (*Id.* at 5-6.) In reply, Plaintiff asserts that he moved to amend the complaint as early as August 9, 2017, along with a proposed amended complaint, but that the Court never permitted the amendment. (Docket No. 131 at 1.)

Rule 15(a) of the Federal Rules of Civil Procedure provides different ways to amend, and these ways are not mutually exclusive. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). Rule 15(a) provides that a party may amend its pleading once as a matter of course, generally, within 21 days after serving it, and that in all other cases, a party may amend its pleading only with the opposing party's written

3

consent or the court's leave. Fed. R. Civ. P. 15(a). Here, because the request to file an amended complaint was filed nearly three years after Plaintiff filed the original complaint, he can only be seeking leave to amend under the second option, i.e., at the court's leave.[1]

Rule 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Id.* "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (internal citations omitted).

Defendants have declared a valid reason to deny the motion based on undue delay. The Court has re-examined the first motion to amend/correct the complaint which was filed six months after Plaintiff initiated this action and finds it contains no allegation of a conspiracy against any defendant. (Docket No. 17.) Plaintiff mentions a conspiracy claim in a second proposed amended complaint filed along with his motion for reconsideration of the magistrate judge's denial of that first motion to amend. (Docket No. 20-1.) However, the proposed amendment asserts only a conspiracy claim between Defendants McCall and Afdahl with regards to Plaintiff's mental health medication and does not allege that Defendant Adam was involved in that conspiracy.[2] (Docket No. 20-1 at 24.) Thereafter,

---

[1] Plaintiff has not obtained the opposing party's written consent, as Defendants have filed opposition to the motion. (Docket No. 125.)

[2] Plaintiff also asserted a conspiracy claim against Defendants Risenhoover and Adam

4

Plaintiff filed other motions to amend which never raised such a claim, (Docket Nos. 44, 58, 65, 72), nor did he make any such argument in opposing Defendant Adam's motion for summary judgment. (Docket No. 125 at 4.) Plaintiff provides no explanation why he did not assert this specific claim against Defendant Adam in his earlier filings. Lastly, Plaintiff has failed to provide, along his motion to amend, a proposed amendment containing specific allegations to support what is otherwise a conclusory allegation of conspiracy involving Defendant Adam. Accordingly, Plaintiff's motion for leave to amend to add a new conspiracy claim against Defendant Adam, (Docket No. 114), is DENIED based on undue delay. *See Janicki Logging Co.*, 42 F.3d at 566.

With respect to Plaintiff's request for recusal, motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *Id.*

---

which he does not include in the instant motion to amend. (Docket No. 20-1 at 17.) Even if Plaintiff did attempt to add such a claim, it would be denied as futile since the Court granted summary judgment in favor of Defendants Risenhoover and Adam on the Eighth Amendment claim against them because there was no genuine issue of material fact. (Docket No. 99 at 11-12.) Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.* Accordingly, with no underlying constitutional violation, Plaintiff cannot state a separate conspiracy claim under § 1983 against Defendants Risenhoover and Adam. *Id.*

5

As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Plaintiff questions this Court's prejudice against Plaintiff and in favor of defendants "is evidenced by the record before the court." (Docket No. 114 at 5.) Plaintiff makes further allegations of bias and prejudice in a later filing. (Docket No. 122.)

The Court points out that after this matter was dismissed and judgment entered by the magistrate judge originally assigned to the matter, (Docket Nos. 26, 27), the Court reviewed the matter de novo and vacated the dismissal after finding that Plaintiff had met the imminent danger exception under 28 U.S.C. § 1915(g) to procced with this action. (Docket No. 52.) Thereafter, the Court provided a reasoned decision for each motion filed in this action. (Docket Nos. 74, 98, 99, 113.) Accordingly, it cannot be said that a reasonable person would conclude from a review of the record that that the Court's impartiality might reasonably be questioned. *See McTiernan*, 695 F.3d at 891. Nor has Plaintiff presented any other evidence to overcome the presumption that this Court can be fair and impartial. *See Zagari*, 419 F. Supp. at 501. Plaintiff may appeal the decision to the Ninth Circuit, but otherwise has no basis for moving to recuse the Court from this matter. The motion for recusal is DENIED.

**B.     Motions for Court Order to Inspect and Review Medical Records**

Plaintiff moves for a court order that allows him "to inspect and review his medical/mental health records to discover and or gather necessary information" to prepare an opposition to Defendants' summary judgment motion, citing 28 U.S.C. § 1651. (Docket No. 115.) The Court notes that Plaintiff filed an opposition on December 31, 2019. (Docket No. 137.) Accordingly, the motion is DENIED as moot.

**C.     Motion to Reopen Discovery**

Plaintiff moves to reopen discovery under Federal Rule of Civil Procedure 16 with

6

respect to his claims against Defendants Risenhoover and Adam. (Docket No. 117.) Rule 16 has to do with pretrial conferences, scheduling, and case management while a matter is pending. Fed. R. Civ. P. 16. Accordingly, the Court finds no basis for reopening discovery under this rule particularly when the claims against Defendants Risenhoover and Adam have already been thoroughly litigated. This motion was filed on October 25, 2019, which is nearly three months after the Court granted summary judgment in favor of these Defendants on July 22, 2019. (Docket No. 99.) As Defendants argue in opposition, Plaintiff fails to show due diligence in obtaining these records before the Court granted Defendants' motion. (Docket No. 128 at 4.) Furthermore, the Court already considered Plaintiff's motion for reconsideration on the matter and denied it. (Docket No. 113.) Nowhere in that motion did Plaintiff assert need for additional discovery. (Docket No. 100.) Plaintiff may appeal the decision to the Ninth Circuit, but at this juncture, the Court finds no basis to grant the motion to reopen discovery on the claims against Defendants Risenhoover and Adam. The motion is DENIED.

### D. Motion to Amend/Correct Defendants' Names

Plaintiff requests that the names of the remaining defendants in this action be corrected to reflect the following: 1) Mariposa McCall, M.D., and 2) Jennifer Afdahl. (Docket No. 120.) The motion is GRANTED. The Clerk shall update the docket with the correct names of Defendants as shown in Plaintiff's motion.

### E. Motions for an Expert Witness and Appointment of Counsel

Plaintiff has filed additional motions for the Court to appoint an expert witness, (Docket No. 121), and for appointment of counsel, (Docket No. 134). (*See* Docket Nos. 63, 83, 110.) Plaintiff asserts that there are "scientific issues involved" that are outside his understanding and knowledge. (Docket No. 134 at 1.)

Plaintiff has been made aware several times that there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses

7

the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). The difficulties Plaintiff raises again in this recent motion, which are the same as in his prior motions, are no different than those any other prisoner faces. Accordingly, the motion is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff continues to assert mental health issues as a basis for appointment of counsel. As he has previously been advised, generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. *See, e.g.*, *Warren v. Harrison*, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three pertinent exhibits); *Miller v. McDaniel*, 124 Fed. Appx. 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because he demonstrated an ability to articulate his claims pro se); *Palmer v. Valdez,* 560 F.3d 965, 970 (2009) (holding that an inmate plaintiff who was suffering pain from a surgery and had limited access to legal documents did not require appointment of counsel because he did a good job presenting his case, was well organized, made clear points, and presented evidence effectively). Here, as in the cases cited above, Plaintiff has shown an ability to

8

articulate his claims and litigate this action in spite of any mental health issues: Plaintiff seeks damages for Defendants' deliberate indifference to his serious medical needs. (Compl. at 3.) Furthermore, this issue is not particularly complex. The issue at this stage does not involve "scientific issues," as Plaintiff asserts. Rather, deliberate indifference involves the subjective state of mind of Defendants, which is not complex nor requires expert testimony. Accordingly, Plaintiff's requests for an expert witness and appointment of counsel are DENIED without prejudice for lack of exceptional circumstances. *See Agyeman*, 390 F.3d at 1103; *Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn*, 789 F.2d at 1331. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## F. Request for Judicial Notice

Plaintiff has a filed a request for judicial notice of certain federal caselaw, information from a publication regarding medical diagnosis, and briefs filed in this matter. (Docket No. 136.) Federal Rule of Evidence 201(b) permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018). "A fact is not subject to reasonable dispute if it is generally known, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)) (internal quotation marks omitted). Taking judicial notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment. *Id.* A court may not, however, take judicial notice of disputed facts in public records. *Id.* at 1000-01.

The caselaw set forth by Plaintiff do not establish facts but legal arguments, and the book and the briefs filed in this matter contain material that are still subject to reasonable dispute. Accordingly, the motion for judicial notice is DENIED because Plaintiff has failed to establish that the documents set forth do not contain material that is "not subject to reasonable dispute." Fed. R. Evid. 201(b).

9

**G.    Motions for Extension of Time**

As already discussed above, Plaintiff's motion for extension of time, (Docket No. 129), and Defendants' motions for extensions of time, (Docket Nos. 124, 126), are GRANTED. *See supra* at 2.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to amend/correct the complaint and motion for recusal, motion for a court order to inspect and review his medical records, motion to reopen discovery, motion for expert witness, motion for appointment of counsel, and request for judicial notice are DENIED. (Docket Nos. 114, 115, 117, 121, 134, 136.)

Plaintiff's motion to correct Defendants' names is GRANTED. (Docket No. 120.) The Clerk shall update the docket with the correct names of Defendants as follows: 1) Mariposa McCall, M.D., and 2) Jennifer Afdahl.

Plaintiff's motion for an extension of time, (Docket No. 129), and Defendants' motion for extensions of time, (Docket Nos. 124, 126), are GRANTED.

Defendants' reply to Plaintiff's opposition to their summary judgment motion has not yet been filed. In the interest of justice, Defendants shall be granted an extension of time to do so. The reply shall be filed **no later than fourteen (14) days** from the date this order is filed. The matter shall be deemed submitted as of the date the reply brief is due.

This order terminates Docket Nos. 114, 115, 117, 120, 121, 124, 126, 129, 134, and 136.

**IT IS SO ORDERED.**

**Dated:** January 21, 2020

BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Mots.
PRO-SE\BLF\CR.17\00326Hollis_motions4

10